Dearly, dearly, this Honorable Appellate Court for the Second Judicial Dismissal is now back in session. The Honorable Robert E. McLeod, please rise. Please be seated. May I call the case? Yes, Your Honor. The case we've got this morning is 2-23-0259, the people of the State of Illinois plaintiff, Appellee v. Jason Franco, defendant of felons. Arguing on behalf of the felons, Mr. Elliot Borchardt. Arguing on behalf of Ms. Appellee, Ms. Diane L. Campbell. Thank you. Mr. Borchardt, you may proceed.  Good morning. May it please the Court. I'm Elliot Borchardt from the Office of the State Appellate Defender. I represent the defendant, Appellant J.F. in this case. This case requires the Court to interpret two sections of the fitness to stay in trial statute. However, common sense should prevail. The trial court's case should have closed after the discharge hearing. Additionally, given the plain language of the statute, it was error for the trial court to hold the discharge hearing more than 60 days after the restoration finding when no good cause was found until after the 60-day period lapsed, rather, and that good cause did not relate to the date the parties originally selected upon the restoration finding. So, in order, I intend to stand on the briefs for the other issues, but starting with this issue concerning the trial court's case closing, I think, you know, the parties here are in agreement that this proceeding should have stopped as of September 1st of 2023. The statute of limitations should have been starting to run again by that point. But, unfortunately, because the trial court kept its file open, that's not what's happening in practice. You know, this Court is able to take judicial notice of, you know, the trial court's file by going through the circuit court's website, and it still indicates that the case is pretrial to this day. So I think that tells us that this case is still pending, it's still open, and the statute of limitations is not running at this time. And when you look at the... That's the case, the way of jurisdiction. I think this Court does, based on the statute, the fitness statute, it does give this Court jurisdiction based off, you know, there being a discharge hearing and that being settled at this point, Your Honor. But when this Court... At least put it this way, we have jurisdiction to determine the judgment of not guilty? This Court does, I believe so. I think it has jurisdiction to, you know, address all the issues, given the fitness to stand trial statute. Does the statute provide for a remedy? So is Your Honor talking about... Does the statute provide for a remedy for untimeliness? With regards to the discharge hearing not occurring within 60 days? Right. It does not, Your Honor. But does any prior version of the statute ever? To my knowledge, it does not, Your Honor. But ultimately... Why should we read in a remedy when the General Assembly did not provide for a remedy? Because the language of the statute says the word shall. I think that, you know, indicates that this is something that has to occur within 60 days. Additionally, Your Honor, this is, you know, unfit mentally ill defendants that we're talking about. I'd like to also ask, what's the prejudice in putting it off more than 60 days? So I think, you know, there's inherent prejudice in this being a situation where we're dealing with an unfit defendant who has, you know, I think clear mental illnesses going on. I mean, he's subject to continuing bond conditions. You know, when instead, you know, this, you know, should be getting done with, he needs to focus on getting the treatment he needs to not only to perhaps, you know, be restored to fitness down the road, but also, you know, to be able to substantially live, you know, his life. How does that relate to a not guilty finding? What do you mean, Your Honor? We're jumping all over it. I see that. How does the finding relate to future treatment or instantaneous treatment? Would he not be getting this treatment regardless? So the point at which you get to a discharge hearing in the first place, at least under the circumstances in this case, is upon a finding that you can't be restored to fitness within the statutory timeframe, which in this case is one year. But if you are found not not guilty, the court does have the ability to order more treatment depending on the severity of the charged crime. I mean, in this case, it is. Wasn't he already under treatment? In this particular case, he did go through the treatment through the Acker Center. So in this case, how is there prejudice? If he was treated before and he was treated after, what's the ability to treat him after? What's, you know, the tree fell in the forest, did you hear the sound? What difference does it make? So ultimately, Your Honor, this is a situation where we're dealing with an unfit defendant. I mean, I think, you know, this kind of serves as a distraction if this case is still going on instead of solely focusing on getting treatment. Your Honor, I would also take the position that prejudice isn't necessarily something that's required here, given the language of the statute. The statute doesn't require prejudice. I think requiring prejudice may be reading something in the statute that's not there. Well, we are told by the Supreme Court we should not be reading in a remedy when the statute does not provide one unless it's inherent. So what right is at issue here? Is there a constitutional right? Yes, I do. Statutory right? Liberty interest? What is it? What's the right that's at issue here? So ultimately, I believe it has to do with the constitutional right to due process. I think that, you know, famous proceedings fall within that sphere. He was not in custody. It was not in custody during this period that you say was, you know, violated due process because he didn't have his hearing within 60 days. That's your argument, right? Your Honor, I don't think it matters that he was not in custody. The statute is 60 days regardless. But you were kind of arguing the old statute down below. Were they arguing the old statute, the 120 days? Yes. The defense counsel below did mention the 120 days. So didn't that kind of influence the date set? Well, ultimately, it's incumbent upon the court and the defense counsel and really prosecutor's counsel as well to know what the law is. I mean, the law had just changed. I think on the date that they set the first discharge here, that was the day that the new law went into effect. The hearing was held within 131 days of the initial demand, correct? I believe it was 132, if I recall correctly. How was that constitutionally infirmed? So, again, I think this falls, you know, within the sphere of due process. Even if it was delayed, weren't many of the delays agreed upon by the parties? And some of the delays were on motion of the defense. So, yeah, I don't dispute that, you know, the defense did agree to some of the delays here. And made a motion for a delay, at least at one point. They did, I believe, on May 24th, when that good cause was ultimately found after the 60 days had already expired. But ultimately, I think the onerous here is on the court. If you look at the way the statute changed, you know, it used to be on defense counsel. You have to file a motion for a discharge hearing, and it has to occur within 120 days unless the defense, you know, causes the delay. But by necessarily changing the language of the statute drastically, like the General Assembly did here, to say the court shall hold it within 60 days, I think the intent is clear from the legislature that it doesn't matter what defense counsel does. This is something that has to happen within 60 days, and that burden is on the court. Because, I mean, again, this falls within due process, and I think the General Assembly is saying, hey, you know, we recognize this due process issue. We're going to set the line at 60 days. So, given the language change, Your Honor, I don't think, you know, what defense counsel does ultimately matters. It's more upon the court. Let's go back to closing court case file, where you started and everybody pulled you off. This was a misdemeanor, correct? It was, Your Honor. All right. And the defendant wasn't, like, committed to an extended treatment schedule. Was he, at the end of that, after the end of that, not not guilty? So after the not not guilty, he was not subjected to additional treatment. Under the statute, he couldn't. Okay. So where is the harm, I guess, is my question. Where is the prejudice? The harm, Your Honor, I think comes from the fact that the statute of limitations is still running, so he could be prosecuted for this many, many years down the road. I think it's clear from the record that was not the intent of the parties in the court here. Okay. So then you would ask us to tell the trial court to close the file. Yes, and I do think this court does have the authority to do that under Rule 615, Your Honor, if that's where Your Honor is going. I mean, this court does have the ability to reverse any order of the trial court which is being appealed from, and that is such an order for, you know, denying the closing of the case. When does the statute of limitations run on this crime? So for the misdemeanor offense, it's 18 months. There were some felony offenses as well. That would be three years. Ultimately, the misdemeanor offense domestic battery for the touching of the breast is charged the same. Was this proceeding relating only to the misdemeanor? The discharge hearing was, Your Honor, but there were still offenses that were dismissed right before the discharge hearing, but when it comes to tolling of the statute of limitations under the statute with regards to pending cases, it's the conduct that matters, not the charges. The cases weren't, was the sister's allegations dismissed or did the court find, was there a finding by the court? I'm not recalling. How did we get rid of those, those Class 2 touchings, if you will? So the Class 2 were dismissed by the court, I'm sorry, by the state move to now cross those charges immediately prior to the discharge hearing. Okay. There are two additional misdemeanor domestic batteries for touching the feet that the court directed out. Okay. If this happened in 21, 2021, correct? Correct. And we're now in 2024? Correct. Would the 18-month window of liability or criminality have expired? So at the very least, it did not expire while, you know, the charges were pending from up to the point of the discharge hearing, but it is our position that it is still pending because the case is still open. By virtue of having the case open. Okay. I'm just following. Okay. I thought you were going to ask a question, Your Honor. No, no. By virtue of having the case open, there's still a prosecution pending, so under the statute of limitations, it's told. I think, you know, that could potentially provide a problem down the road. You know, should there be a change in a state's attorney, I mean, this is an election year after all, where should J.F. down the road be restored to fitness and, you know, a new state's attorney comes in and decides he wants to prosecute this case moving forward. I mean, that would, I think, you know, in the end be an absurd result. And, you know, allow an exploitation of a mentally ill and unsafe. It seems to me that your argument is, based upon the discharge hearing of one aspect of the transactional facts relating to a misdemeanor and some felonies, that if you get this case dismissed, it will apply across the board to the misdemeanors and the felonies. Is that correct? So, Your Honor, stop me if I'm not answering your question, but if the case closes, the statute of limitations starts to run again. And the state can always, you know, reinstate the charges or at least file new charges should he become fit again within the statute of limitations. Is it possible to close the case as to a particular charge? I think, Your Honor, at this point, the case has to close as a whole because you have two counts that were not across and you have two counts that were directed out. Well, then, am I correct in thinking that it was the defendant who asked for a discharge hearing? The defendant did ask for a discharge hearing on January 18th, but ultimately it was the court's... But did he ask for a discharge hearing on the felonies on January 18th? So, let me back up here a little bit, Your Honor, because there's a lot going on on different dates here because they set the discharge hearing... Who's on first? What was that? Who's on first? Right, exactly. What's on second? I don't know. Who's on third? Right. Who's on first? So, on January 18th, they set the matter for a discharge hearing without the restoration finding. The restoration finding had to occur first before the discharge hearing to be set. So, that occurred on February 10th, when the court made the restoration finding, and that's when it became incumbent upon the court to hold the discharge hearing. On February 10th, when that finding was made, it was ultimately at that point, and mostly it continued from the State's Attorney's Office at that point. Yes, Your Honor, the defense did request the discharge hearing, but ultimately it was the court's obligation to provide that, regardless of whether the defense asked for it, given the change in the statute. You've answered my question. I'm not sure what it means, but you've answered my question. He wasn't sure what your question was. You and I were very close. I don't know who's on first either. Do you want to comment on your argument that the trial court should have taken judicial notice of the fitness evaluations? Yes, Your Honor. So, first things first, I want to stress that this is an issue of relevance. That is the only objection that the State made below. I know now it's claiming that this is something the court should not have taken judicial notice of. The State made below, or the defense? So, the defense asked the question. The State made the objection on relevance grounds, and the State, in responding to that objection, said this is something the court could take judicial notice of, but it was objecting on grounds of relevance. So, this is strictly a relevance issue, not a judicial notice issue. And, you know, given what's in these records, I don't think it could be any more relevant. I mean, relevance is, you know, a low bar. And these records, at least the fitness report indicated there was, you know, impaired reality going on if he was left untreated. So, I think that strikes directly at the knowledge issue here. I think that's the extent of my comment on this. What State response? The defense could have called experts, the experts that conducted the evaluations. So, yeah, I ultimately don't think that that would have made a difference here because the court made its determination on relevance, right, based on what was in the report. The experts would have just testified for the same thing, I would imagine, because they were calling to testify what's in the report. So, the court already found what's in the report wasn't relevance. So, I don't know that that would have made a difference. I, you know, in reading the State's brief, I think, you know, they're gleaning that, if I may finish answering your question, Your Honor, I think they're trying to attempt to glean that, you know, the court was looking for these witnesses. But, you know, just going through the record again, I don't know that that's necessarily accurate. You know, the court sustained the objection, and then it says are there any more witnesses like it would for, you know, A's case-in-chief that's ongoing at that point in time. So, you're saying that the reports or the research or the treatment established that the defendant didn't have impaired intent or didn't have criminal intent or didn't have the ability to have criminal intent? So, yeah, I think the records definitely lead down that path. I mean, relevance is a low bar. I think based on what's in those records. Was there somewhere in the record where it made reference to what his state of mind was on the date of the alleged battery as opposed to the ongoing inquiry into whether or not he is now capable of assisting in his defense? Senator, I think that's something that could be inferred. We have, you know, the report indicates that these issues started occurring in October of 2017, and they establish that they're occurring all the way through January of 23 at the very least. So, I think it could be inferred that, you know, it's at least possible that this could have been occurring on the date of offense, whichever one of the 294 days it was. Again, relevance is a low bar. So, I think, you know, that's directly on point with regards to that. Additionally, I mean, although the records don't exactly say he didn't do this knowingly, I think that, too, is something that could be inferred, too. You're trying to glean that from the police reports from the officer that was there that day, correct? Yes, the officer testified to that. That's something that is in evidence, you know, the, in so many words, having persecutory beliefs and, you know, he's acting out erratically. But these records go beyond that. It establishes, you know, exactly, you know, in a sense what was going on in his mind, you know, his impaired reality, his inability to think clearly, those kind of things. Any other questions? Just one. How did the trial court abuse his discretion in refusing to close the case file? How, okay, so in refusing to close the case file? Why is it an abuse of discretion? Because there was, at that point, really nothing else for the court to do. You know, there's no sentence to oversee because this is an unfit defendant. There's no, you know, commitment going on here. Additionally, as I was stating earlier a little bit, Your Honor, you know, the statute of limitations is told at this point he could be prosecuted many, many years in the future when that, I think, based on the record, clearly was not the intent of anybody in the trial court. Thank you. Thank you. You'll have an opportunity. Thank you, Your Honors. Ms. Campbell. Good morning, Your Honors. Good morning. I'd like to apologize for a typographical error in my brief. Fortunately, I have a very intelligent opposing counselee pointed out that I miscite to the April date. It is April 10th, and to rule of evidence 403 instead of 402. But to get to your question. You're a confessing error. I'm a mystic. And I do apologize for that. I'm trying to, do Your Honors have a particular issue you would like me to start on? Oh, yeah. Oh, go ahead. What's your response to Judge Burkett's last question regarding why was it an abuse of discretion not to close the case? It was not. In this case, the G-3 statute requires that if the defendant is not civilly committed, he shall be released. He was released. He is not in custody. In fact, he had been on a recognizant bond the entire time. The defendant was maxed out as to treatment, so the court can't order additional treatment. The court did not schedule any future hearing dates. So why did they think to fire him? The state asked that the case be kept open. And to further mix things up, I would like to add one more fact. For the statute of limitations for an offense for a victim under 18 when it was committed, there is no limit. And that is 720-ILCS-5-3-6J1. So in this case, there are no charges pending. But for the case where he's touching her feet? He was acquitted on that. And where touching her breasts, it was a not not guilty. Correct. Correct. So wouldn't it be, would it be a double jeopardy to try him again? No, it would not. This is not a finding of guilt or innocence. It's an innocence only hearing. So what the court does here is determine if there's sufficient evidence that the defendant could be brought to trial if he is found guilty. If he is found fit. So the court did find sufficient evidence with a not not guilty. But they didn't do anything to, they did do something to try and bring him to fitness, but was unable to do so. Correct. Yeah. The court, that was what the January 30th finding was, that he could not be restored to fitness within the period. So if he's not able to be restored to fitness during that period, how could his restoration of fitness, five years, six years down the road, allow the state to come back and bring this case? I think it's highly unlikely that would happen. But the statute of limitations for a victim under 18 says that there is no statute of limitations. I understand the statute of limitations. My question is, there was never anything subsequent to the inability for him to become fit. So how do we go from the year where he was not able to be found fit to ten years down the road and he's fit and you bring this case? It's nothing to do with the statute of limitations. Everything to do with the fitness at that time. If you look at Kuechel v. Lange, that, hold on. In Lange, the court says that fitness speaks to the ability to function within the context of the trial. It is not sanity or competence in other contexts. It also says that finding mentally ill is not depending on the diagnosis, but the extent to which the person's functioning is impaired by or impacted by their mental illness. So what case do you have that shows somebody was found not not guilty, they couldn't maintain or reach the fitness to stand trial, and then so many years later they came in and tried them? Do you have any case where that occurred? From my personal knowledge, Paul Olson, they are currently debating his fitness for trial. I believe there's a hearing in the courts today, and if they can make determination that he is actually fit for trial, the state intends to take him. What was going on before this hearing today? Excuse me? What was going on before this hearing today? In this case. In this case you were talking about. Before that, he had been found unfit for years and years and years. Okay. 15, 20 years. This court has an enormous history. What's the name of the case? Paul Olson. Paul Olson. What county is it in? Lake, I believe. Thank you. Assuming our U.N.O. that the case is dismissed, does Rachel Yukata apply if it was refiled? This case. Pardon? This case. Okay. For which trials? Sorry, for which county? Because there are apparently some felonies that are still up in the air. Right. With those, the nullipross does not control the statute of limitations. So the statute of limitations that is determined to be in effect would start, would commence as the date that they were nulliprossed. So in this case, those counts were nulliprossed just before they commenced the hearing in this case. What's your argument regarding the defendant's position that the trial court's violation of the timeliness should result in a reversal? Your Honor has very astutely pointed out that there is no statutory remedy. We know that there were recent major amendments to the statute, so had the court desired to install a remedy, they certainly could have. In this case, it would be entirely inappropriate for a reversal. In this case, it was defense counsel who told the court that it was 120 days. That is a mistake. It is certainly regrettable for everyone. But in this case, the defendant is continuing asking for continuances. He is not suffering from the 30, 60, from not having the hearing within 60 days. That's exactly what he wants to happen. He wants a delay in hearing. I would like to, okay, the start of the period was February 10th, and initially they set a date which would be outside that 60-day period for April 19th. However, on April 10th, there was a court order entered that said, by agreement of the parties, that April 19th hearing was delayed. So it's at the request of the defendant. And it also indicated that it was so that the defendant could get drug testing. And that, again, is to the entire advantage of the defendant. Is it enough for the parties to agree to a date for the trial court for us to infer that it was good cause? I certainly think so. To do otherwise would imply that the defendant doesn't have a right to waive his right to a speedy trial, or a speedy, you know, discharge hearing in this case. And certainly, you know, with speedy trial, the defendant has every right to waive that. The advantage to the defendant, he was not in custody. He's receiving outpatient services, so any intrusion on his liberty was minimal. He is living stably at home with the victims. It is the victim in this case, the victim of the other domestic battery, was his mother. And that is why the police actually went to the house on the date they confronted him. It was the domestic battery for the mother that they responded to. And in the course of investigating that, they find about the charge for the daughter. And the family no longer wants the state to go forward, do they? The defendant was living at home. I think it's a fair assumption that they did. Do you infer from that they are satisfied with what has occurred and they'd like this case closed? I have not consulted them personally. I think it is a very reasonable inference. He was living at home. They appeared at his trial. Should we remand it if we were to agree with you and affirm? But should we remand the case for the trial court to reconsider whether or not to close the case and give the family an opportunity to be heard? I don't think so. In this case, I think that is pretty much a nullity. Again, there is no pending case here. I'm sorry, did you say there is no pending case? There are no pending charges, sorry. What happened to the felonies? The felonies were nollie-prossed. What is nollie? Was there a finding of not guilty on the other one? Those were the touching of the feet and those were nollie. That was nollie, wasn't it? The touching, no, the sex abuse charges were nollie-prossed. The touching of the feet was not committed. And then he went to trial on the hand moving on the victim's breast. On the breast, right, that's what he said to begin with. So it was a not not guilty on that felony. Correct. A nollie on the foot? Yeah. No, no, a nollie on the... The hand on the breast was a domestic battery charge. It was not inherently a sex crime. Okay. So I think that, does that clarify your questions? Yeah, yeah. Okay. And again, I think it was Justice McLaren who questioned, you know, do you have a jurisdiction if it's, quote, unquote, an open case? Does, you know, the fact that it's open mean that there's no final order, that the notice of appeal, you know, is valid or, you know, void? I don't think so. There are no charges pending against this defendant. So whether the case is open or closed, you know, I think is a technicality. It would not impair the state from if it chose to try and reinvigorate the case if they found defendant fit at some future date. And he is certainly eligible to go for treatment. The court can't order him. But let me ask you this. Is there a status date set on that file? There is not. So it just hangs out there? Well, certainly. That's terrible housekeeping, isn't it, for a prosecutor and a trial court? It is the court's method. Apparently the clerk goes in at some point and weeds out old cases. I am not familiar enough with the trial court, but that is, I believe, one of the clerk's functions. Certainly I think that if the state tried to file charges again, my opposing counsel's argument would be very different, and he would be arguing that the statute of limitations was in place and had run. Counsel, you said that the Nally Cross doesn't keep the statute from running. Is that correct? Correct. Well, does this proceeding keep the statute of limitations from running? As presented by your counsel? Yes. If the case is on appeal, then that does impact? No. Oh, I'm sorry. Not just appeal. Okay. It's whether or not the case is closed. If the case isn't closed, it's still open, and he claims that while the case is still pending or open, that the statute of limitations doesn't run. Your comment about the Nally Cross is a nice comment, but it doesn't alter the fact that just because it's not stopping the statute of limitations doesn't mean that this isn't as well. If this is, then the fact that it's Nally really has no consequence for the reason given that this should be closed, so the statute should start running under this case. I both agree and disagree. I think it's certainly something that's going to be hotly debated if it ever occurs. But, again, if the victim is under 18, that affects, you know, whether the statute of limitations, you know, it severely impacts the statute of limitations. And that's ‑‑ shall we move to another point? Okay. Are you finished, Justice McClaren? I am. The judicial notice and fitness evaluation update issue that he raised in his second argument. Yes. Wouldn't a lot of those reports show the defendant's low intelligence and his inability to operate on the day of the crime? So why shouldn't they be admitted? Well, the problem is that the trial court refused the mode that the defendant was trying to introduce that evidence. He didn't bar that particular evidence. So the judge is refusing to take judicial notice. And judicial notice is notice of an adjudicated fact when not subject to reasonable dispute. Here it is obviously being disputed by both the state and the trial court. The trial court is required to exercise its discretion when forming opinions. Green, Lewis, and Corbett, in my case, are cases where the trial court is rebuked or said, you know, the court is not to just take a stipulation by the parties. Certainly in fitness, the court, the parties can stipulate to an experts report, can stipulate that he would testify consistent with that report. But the trial court is always required to then make an independent examination or evaluation. The state is not stipulating to this. The trial court is doing exactly what his discretion requires him to do, which is to investigate the basis. These reports are entirely different. They are fitness for trial. That is totally separate from whether the defendant is actually, his mental illness at the time of the incident is so overwhelming that he doesn't have the capacity to act knowingly. So you're saying that the court can't make a reasonable inference or the trial court can't make a reasonable inference that if this was his mental state at the time of the evaluation, they can't confer back. The reports don't specifically address his mental condition. No, they don't. They say he has an underlying mental illness that can affect him. How about the observations made by the police officer who came to the scene? Well, again, the police officers came to the scene for the domestic battery against the defendant's mother. So that does not impact the time in which his hand was moving on the victim's breast. Her testimony at that time was that she was asleep, she woke up, the defendant's hand was moving on her breast. It made her feel uncomfortable. She told him to leave, and he did. And she said that defendant told her at the time he had come in to pull up a blanket. So he at that time is capable of offering a knowing or rational explanation. He is capable of controlling his actions because he leaves when she tells him to. So there's every indication that at the time of the offense, he was capable of knowingly committing that offense. The judge clearly did not believe his rationalization. He points to the prior incident where he came in. While the mother was gone and touched her feet, he notes that the victim was crying in court when she was testifying about the breast-touching incident. So clearly the evidence was overwhelming that he did knowingly commit the offense. I understand that. But the question I ask of you is did the court make that weighing factor? Did they say, oh, some of these in the report when it indicated, when the police indicated he really was out of it, he didn't know what was going on, they didn't say that because they didn't allow judicial notice to be taken for that purpose? Well, the officer testified at the hearing regarding the defendant's mental state. And certainly the defense counsel cross-examined the victim as to the exact date. That is how, you know, the defendant's explanation came out, I believe. So there was evidence in the record regarding his exact mental state at the time of the offense. The trial court, I would like to read, it's on page 19 to 20 of my brief, but I can't pretend for a moment that me reading evaluations without anyone here testifying that the behavior or conduct or symptoms observed at the time of the reports existed at the date of the offense. It is not relevant at this time. So the court did make a relevancy ruling at that time. It agreed with the state. The state had no reason to pursue other objections, although they did object, you know, to the judicial notice, obviously. This court can certainly affirm on any basis in the record. Thank you. Did I answer any more questions? If I understand correctly, you're saying that what was proper was an improper proffer. Correct. Any other questions? No. Thank you. Thank you, Your Honors. Mr. Forchert, you have an opportunity to make a button. And in response to what she was saying, normally judicial notice is taking notice of almost a self-evident fact, like the jury verdict or the judgment entered in the case. If you were seeking to have the trial court consider the evidence depositions or the testimony, you would make a proffer, have the court consider those things, but not necessarily take them as a judicial thing. Because we had a discharge hearing on a complex subject, and asking someone to look at documents as if it was a simplistic fact is counterintuitive and contradictory. But ultimately, Your Honor, that's not an argument that the state made below. So the issue, as I indicated in the brief, is forfeited. The state took the completely opposite position below. We can affirm on any basis in the record, regardless of whether it's raised by them or not. But, Your Honor, ultimately it's an issue of fundamental fairness, where the state takes the complete opposite position below. Fundamental fairness is that we don't take judicial notice of complex matters or issues of fact. But, again, this is a defendant who is mentally unfit and mentally ill. And to hold something like that against him for the state's deciding to now object to something now on appeal would be fundamentally unfair. Whether he's mentally ill for purposes of treatment or preparation or restoration isn't necessarily relevant or material to whether or not he was mentally confident and had the necessary mens rea at the time of the alleged battery. But there are indications in the reports that indicate that he didn't have the necessary mens rea. Additionally, Your Honor, I would note these are reports... At the time of the offense? It's potential, and it's a low bar because it's relevant. So it's potential because this started back in October of 2017. Okay, where in the documentation did you reference that particular fact? I mean, where do I reference this? Well, obviously, if what you say is true, then there's some merit to what you say. But if you didn't tell us where it was so we could review it to see that what you're saying is true, you forfeited or procedurally defaulted the argument. I do believe in the brief, Your Honor, at the very least in the statement of facts, I do point out that these issues did start in October of 2017, and there is a reference to the record in that. I can't, without my brief standing right in front of me, I can't tell you if that's, you know, including the argument section, but it is definitely something that is included in the statement of facts. Did you cite to the record where what it was or what was said is the same thing that you're saying because what you just said isn't the same thing, that it started on such and such a date, is somewhat vague when it comes to the issue of whether or not he was compass mentis. So the record does indicate that he was psychiatrically hospitalized in October of 2017. So I think that indicates to us that that is when these issues started. So the glass is still half empty or half full because either he's compass for purposes of criminal prosecution or he has a mental illness which doesn't constitute a defense to the crime or he has a mental illness that is a defense to the crime. So I'm suggesting to you, is there some place in the record that you've cited that differentiates between those three categories? I think it could be inferred or based on, you know, what is in the reports. The reports, the fitness report indicates that he could not, you know, continue to be untreated. His reality is impaired. He has disorganized thinking. I mean, I think that speaks directly to knowledge given, you know, what the legal definition of knowledge is. Just to address a couple of things from opposing counsel here. I mean, looking at this April 10th order, there still was no good cause found on April 10th. And I point this court to what the court actually said on May 24th. It said it didn't know if it needed to find good cause throughout the 60 days. So I think that explicitly tells us good cause was never addressed on April 10th and it wasn't addressed on February 10th as well. You know, ultimately, I guess, circling back to prejudice here. A right without a remedy is no right at all. If I may briefly conclude, Your Honors. You can close. Yes, thank you very much. J.F. will respectfully ask that this court reverse outright the not not guilty finding and if this court declines to do so in the alternative. I have a quick question. Yes. The state has filed a motion to cite additional authority in the Edwards case. Are you going to be filing an objection to that? We did file an objection yesterday. Okay. Okay. Yes. And I think you asked for possibly additional briefing. Supplemental briefing if this court were to find the Edwards case to be relevant to the disposition. Did you have an opportunity to read the case? I had a chance to glance at it quickly. I mean, this happened at the last second, so we didn't really have a whole lot of time to do it. We won't necessarily preclude additional briefing if you want to comment now about what you think that case is about. So as I said this morning, I don't know exactly, you know, what the state is saying the case for. I mean, I think one of the big discussions in it was waiver. But I would point out to this court that this is an unfit defendant. I would argue he cannot waive anything. I mean, if, you know, when a bona fide dollar is even raised as a fitness, he can't even waive counsel. So I would say this is not something that could be waived. Okay. Thank you. Thank you. We have other cases on the call. There will be a short recess. All rise.